UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LOLITA HERMAN,

    Plaintiff,                                Case No. 3:16-cv-278

vs.

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Michael J. Newman
                                                           (Consent Case)

    Defendant.

_____

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 11. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6, 7),[1] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for SSI on January 20, 2011. PageID 189-94. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine, cataracts, a retinal defect, borderline intellectual functioning, anxiety and an affective disorder. PageID 482.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ David Redmond on March 13, 2013. PageID 57-77. ALJ Redmond issued a written decision on April 26, 2013 finding Plaintiff not disabled. PageID 41-51. After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to this Court. PageID 32-26, 573. Following the filing of the parties' joint stipulation for remand, the Court reversed ALJ Redmond's non-disability finding and remanded the case for further proceedings. PageID 571-77.

On remand, Plaintiff received a hearing before ALJ Benjamin Chaykin on March 1, 2016. PageID 504-40. ALJ Chaykin issued a written decision on March 15, 2016 finding Plaintiff not disabled. PageID 495-96. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work, "there are jobs in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 485-95. Plaintiff did not seek Appeals Council review of ALJ Chaykin's decision, and instead elected to file a complaint in this Court. *See* 20 C.F.R. § 416.1484(d) (stating that, in a case remanded by a federal court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). The case is now before the Court on Plaintiff timely appeal. *See* 20 C.F.R. § 416.1484(c) and (d).

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ Chaykin's (hereinafter referred to as "the ALJ") decision (PageID 479-96), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

3

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the opinions of treating primary care physician LaDonna Barnes-Lark, M.D., examining physician Damian Danopulous, M.D., and record-reviewer Rannie Amiri, M.D.; and (2) failing to apply the correct legal standard in assessing her purported non-compliance with treatment. Doc. 11 at PageID 1081-91.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence (including the opinions of Drs. Barnes-Lark, Danopulous and Amiri); reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; reasonably applied applicable Social Security Rulings; and appropriately concluded that Plaintiff can perform a significant number of jobs in the national economy.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   August 24, 2017                               s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge